12046

### STATE v. TEXAS COMPANY

#### (134 S. E., 211)

1. MONOPOLIES.—Civ. Code 1922, §§ 3536, 3537, relative to discrimination between different sections by corporations, *held* not to contemplate lowering prices at different points within same city.

2. CONSTITUTIONAL LAW.—Supreme Court can construe statute only according to its language.

3. MONOPOLIES.—State *held* not entitled to penalty under Civ. Code 1922, §§ 3536, 3537, where reductions or rebates in price by corporation were legitimate, competitive reductions.

Before MEMMINGER, J., Richland, December, 1924. Affirmed.

Action by the State of South Carolina for penalty against the Texas Company. Judgment for defendant, and plaintiff appeals.

*Messrs. John M. Daniel, Attorney General, S. M. Wolfe, former Attorney General,* and *Thomas & Lumpkin,* for ap-

pellant, cite: *Discrimination in price of commodities by wholesaler prohibited:* Civ. Code 1922, Sec. 3536. *Same; penalty for violation:* Civ. Code 1922, Sec. 3537. *Case distinguished:* 75 S. C., 382. *Purpose of statute:* 123 N. W., 504; 42 L. R. A. (N. S.), 812. *"Locality" defined:* 67 S. C., 417; 56 S. E., 559; 38 C. J., 131. *"Intentionally" defined:* 168 Iowa, 1329; 172 N. W., 259; 33 C. J., 168 and 170. *Intention to be determined by acts:* 124 S. E., 650.

*Messrs. C. B. Ames, H. T. Klein* and *Frank G. Tompkins,* for respondent, cite: *Discrimination in price of commodities by wholesalers prohibited:* Civ. Code 1922, Sec. 3536. *Lease by gasoline producers of underground tanks at nominal rates to retailers for handling lessor's gasoline not unfair competition:* 276 F., 686; 261 U. S., 463. *Reasonable discretion allowed competitors as to methods of selling:* 75 S. C., 378; 261 U. S., 463; 260 U. S., 568; 253 U. S., 421; 3 F. (2nd), 415; 299 F., 733; 276 F., 537. *Statute construed:* 24 S. D., 136; 123 N. W., 504; 42 L. R. A. (N. S.), 804; 82 Neb., 254; 117 N. W., 768; 23 L. R. A. (N. S.), 1287; 153 Iowa, 702; 133 N. W., 895; 150 Iowa, 46; 117 Minn., 186; 134 N. W., 496; 111 Minn., 85; 126 N. W., 527; 189 P., 868; 99 N. W., 294; 226 U. S., 157; 19 R. C. L., 97.

August 9, 1926.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This is an appeal taken from an order of his Honor, Judge Memminger, directing a verdict for the defendant. The appeal in this case was first argued during the fall, 1925, term of this Court, the opinion, affirming the judgment of the lower Court, being filed December 22, 1925. A rehearing, on petition of the appellant, was granted by the Court, and the case was reargued at the March, 1926, term. The following statement appears in the case:

"This was an action begun in the Court of Common Pleas for Richland County for penalty under Sections 3536 and 3537, Vol. III, Code of Laws 1922. At the conclusion of plaintiff's case on Thursday, December 4th, defendant moved for a nonsuit. This was refused. Defendant then announced that they would put up no evidence, and made a motion for directed verdict based on the same grounds set forth in a motion for nonsuit. The Court then directed a verdict in favor of the defendant."

The complaint of the plaintiff alleges, in substance: That the defendant is a corporation and has numerous places of business within the State of South Carolina, where it sells at wholesale petroleum and its products; that on the 27th day of January, 1923, in the City of Columbia, S. C., the defendant, for the purpose of destroying the business of a competitor in the said City of Columbia, sold and delivered gasoline to the Calhoun Auto Supply Company, a corporation retailing gasoline in the said city, at 19 cents per gallon, when the prevailing market at that time in the City of Columbia was 20 cents per gallon; that in so doing the defendant violated Section 3536 of the Code of Laws of 1922, and made itself liable to the penalty prescribed in Section 3537 of said Code of Laws. The defendant, by its answer, admitted that it was incorporated under the laws of the State of Texas, and was engaged in the distribution of gasoline and other products of petroleum in the State of South Carolina, but denied all other allegations of the complaint.

Section 3536 of the Code of Laws of 1922, which is alleged to have been violated by the defendant, is as follows:

"Any person, firm, company, association, or corporation, foreign or domestic, doing business in the State of South Carolina, and engaged in the production, manufacture or distribution of any commodity in general use, that shall intentionally, for the purpose of destroying the business

of a competitor in any locality, discriminate between different sections, communities or cities of this State, by selling such commodity at a lower rate in one section, community, or city than is charged for said commodity by said party in another section, community, or city, after making due allowance for the difference, if any, in the grade or quality, or quantity, and in the actual cost of transportation from the point of production, if a raw product, or from the point of manufacture, if a manufactured product, shall be deemed guilty of unfair discrimination, which is hereby prohibited and declared unlawful."

The defendant's motion for a nonsuit was based upon the following grounds:

"(1) That it has not been shown that the price paid for gasoline at the time here in question in the City of Columbia was lower or different from that paid in other cities, communities, or sections of the State of South Carolina.

"(2) That no reasonable inference can be drawn from the testimony except that such reductions as the defendant made were legitimate, competitive reductions based on the quantity sold and to meet inducements and reductions given by other companies, and in order to dispose of its products.

"(3) That no reasonable inference can be drawn from the testimony except that such reductions as were made by the defendant were in a legitimate effort to sell its products and to meet competitive offers made to the parties here in question by the complaining witness and other companies engaged in a similar business.

"(4) That there is no evidence tending to show that the price made by this defendant was actuated in any manner whatsoever by an intention to injure or destroy the business of the complaining witness, nor is there any evidence that the effect of such reductions in the price of gasoline was to injure or destroy to any appreciable extent the bus-

iness of the complaining witness or of any other company."

The Court, after due consideration, overruled this motion. Later, a motion was made by the defendant for a directed verdict, upon the same grounds. The Court, after giving careful consideration to the question over night, ordered a directed verdict for the defendant, and, in doing so, gave the following well-considered reasons:

"Now, gentlemen, I have thought over this case very carefully on the grounds for a nonsuit, and I have no right to order a nonsuit in this case, but on a motion for a directed verdict the idea is a little different. There the question is for the Court. Can any reasonable jury reach a verdict except in one way? and I am inclined to think that there is absolutely no reason to submit this case to the jury, as the complainant himself said in the testimony that he himself was satisfied that this company had nothing against him so as to injure him in his business—that they were simply out to get business. Now, how could that injury, even though there is some testimony as to a secret matter, or rebate, how could they go out and hold that there was an intention, by the greater weight of the testimony, to injure or destroy this man's business, when he himself said that he was satisfied that this company had nothing against him, but were only out to get business. There is nothing to warrant a jury in reaching that in either conclusion. I have thought over this matter very carefully last night as to whether the statute meant in the same city or in different cities, and I am absolutely satisfied that that is not in the contemplation of the statute. The idea is this: That this company can go to this city and lower the price in one section, locality, and community and destroy a competitor's business and at the same time raise the price in another city, locality, and section, and they absolutely lose nothing, for they can make in another section, locality, or community or city what they lost in the

other city, locality, or community. They can raise the price in another place as much as they lowered it in this city and thereby lose nothing, although they destroy the competitor's business in this city. That is the reason that this statute was passed. I have studied this thing over carefully, and I am ·satisfied that that is the construction to be put on this statute. I feel sure that there is no other construction to be put upon this statute; therefore, my idea is that this case can be tested in the Supreme Court. That this case is not one within the terms of this statute, because it is alleged that the prices were lowered only at different points within the same city. That the Court, after careful consideration, decides that the case made is not one that comes within the terms of this statute, in that it pertains only to sales and prices made in different places in the same city, as set out in the complaint. So that upon this motion for a directed verdict, while I ruled on yesterday that I would not put that construction on the statute, I feel sure that the construction put upon it by the defendant is correct and that a verdict must be directed and is directed on that ground, which is ground No. 1 in the notice of motion for a nonsuit, and on ground No. 2 of the nonsuit, 'that no reasonable inference can be drawn from the testimony except that such reductions as the defendant made were legitimate, competitive reductions based on the quantity sold and to meet inducements and reductions given by other companies, and in order to dispose of its products.'

"No. 3 is also well taken. 'That no reasonable inference can be drawn from the testimony except that such reductions as were made by the defendant were in a legitimate effort to sell its products and to meet competitive offers made to the parties here in question by the complaining witness and other companies engaged in a similar business.'

"That there is an absolute failure of testimony upon which any reasonable jury could base a verdict on that this

alleged conduct on the part of the Texas Company was done with the intention of destroying the business of the complainant named in the complaint and the statute says it must be done with the intention of destroying a competitor's business."

The fourth and fifth exceptions impute error to the trial Judge in directing a verdict for the defendant on the ground that there was no testimony to warrant a jury in reaching the conclusion that the defendant had any intent to injure or destroy a competitor's business. It is true that there was testimony, including that of the complaining witness, tending to show that there was no such intent on the part of the defendant, but, on the other hand, there was testimony tending to show the natural and actual results of the defendant's course in reducing the price to be indicative of such intent, and it may be that the case ought to have been submitted to the jury upon the question of intent if no other point had been raised in the motion for a directed verdict.

But, in our opinion, the verdict for the defendant 1, 2 was properly directed upon other grounds. The first and second exceptions impute error to the trial Judge in holding that the statute does not contemplate the lowering of prices at different points within the same city. In this holding we think that the trial Judge was correct. The cases cited by the appellant in support of its contention do not appear to be in point, as they discuss the merits of legislation designed to prevent the undue restriction of competition rather than present aids for the construction of the language of the statute. Authorities in point appear to be meager. This Court, however, can only construe the statute according to its language, giving to the language a plain, common-sense interpretation and to the words used their ordinary meaning. It is clear to the Court that, by its terms, the statute does not prohibit discrimination in prices as between different points in the same city, but does

prohibit discrimination in prices as between different cities. The wisdom or unwisdom of the statute is not a matter for this Court to determine. It is the province of the Legislature to enact laws and of the Courts to construe them. In the present case we feel that we would be going far beyond the bounds of judicial duty or right to hold that the language used by the Legislature in this statute could be construed to include discrimination in prices between different points in the same city. We, therefore, think the Circuit Judge was correct in directing a verdict for the defendant on this ground.

The third exception imputes error to the trial Judge in granting the defendant's motion for a directed verdict on the ground that the reductions or rebates in price were legitimate competitive reductions based on the quantity sold and to meet inducements and reductions given by other companies. We think the Circuit Judge was right on this point also.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.

MESSRS. JUSTICES WATTS, COTHRAN, and BLEASE, and MR. ACTING ASSOCIATE JUSTICE R. O. PURDY concur.

MR. CHIEF JUSTICE GARY did not participate.